## Harry Woolf *vs.* Ida Ashman & others.

Suffolk.   October 5, 1932. — January 23, 1933.

Present: Rugg, C.J., Crosby, Wait, Donahue, & Lummus, JJ.

*Equity Jurisdiction*, Accounting.   *Evidence*, Extrinsic affecting writings.
*Equity Pleading and Practice*, Master: findings, report; Appeal;
Parties.   *Contract*, Under seal, Consideration.

In a suit in equity for an accounting as to rents collected by the defendant
for the plaintiff pursuant to a contract in writing under seal executed,
as a part only of complicated dealings between the parties, long after
such dealings had been entered upon and in consequence of troubles
which had arisen during the transactions, it was proper for a master
to consider testimony showing the facts surrounding the execution of
said contract, and to report so much of such testimony as he deemed
necessary to make clear his findings relating to the transactions:
an objection and exception that such report tended "to enlarge upon
the obligations of the parties as set forth in the written instrument
relied upon by the complainant and set forth in his bill of complaint,"
was without merit.

Nothing appearing in the suit in equity above described to show that
the plaintiff had not executed said contract solely for himself or that
at that time any one other than the parties thereto had any interest
in the property or rights which would be affected by a decree, there
was no merit in a contention by the defendant that the plaintiff
should have joined an alleged coöwner of the property as a plaintiff,
even if it were assumed that some one else had had an interest therein
originally.

The contract above described being under seal and the suit not being
for specific performance, a contention by the defendant that there
was no consideration for his obligation was not material.

Bill in equity, filed in the Superior Court on July 10,
1931, described in the opinion.

The suit was referred to a master.   Material findings by
the master and an objection by the individual defendants
to his report are described in the opinion.   By order of
*F. T. Hammond*, J., after hearing upon the master's report
by *Whiting*, J., there were entered an interlocutory decree
confirming the report, and a final decree in the plaintiff's
favor in accordance with the master's findings.   The de-
fendants appealed from both decrees.

*D. Flower,* for the defendants.

*H. Altman,* for the plaintiff.

WAIT, J.  The plaintiff's bill seeks an account of rents collected for the plaintiff pursuant to a written contract, and to reach and apply any amount found to be due upon a policy of insurance issued by the Mohawk Fire Insurance Company to the individual defendants to payment.  The insurance company answered that the time for payment upon the policy had not arrived when service on this bill was made;  but admitted a prior destruction by fire of property within the description of the goods insured in the amount of $685.

The male defendant's answer, in substance, was the reply of Adam: I did as my wife suggested.  The female defendant admitted signing the agreement and collecting rents thereunder but answered that, without her knowledge or consent, the plaintiff conveyed to her certain real estate; that later he represented the income to be $248 per month which collected by her would enable her gradually to pay off a second mortgage held by him;  that an attachment threatened because of an accident which had occurred on the premises;  that she undertook the collection but was put to such expense for repairs and maintenance that no balance due the plaintiff existed.  She denied and the husband (who, he alleged, had made no collections but had made repairs for which he claimed compensation) claimed ownership of the property insured.

The case was referred to a master under the usual rule. He reported facts which amply sustain the decree, made after confirmation of the report, that there is due the plaintiff from Mr. and Mrs. Ashman a total of $730.55;  that there is due Mr. Ashman from the insurance company $685 which is to be reached and applied on the debt to the plaintiff, leaving a balance for which, with costs assessed at $26.15, execution in favor of the plaintiff is to issue.

The defendants Ashman appealed from the interlocutory and final decrees.  The appeal is without merit.  The exception to the report was "to the consideration and report of any oral evidence or findings as a result of oral evidence

tending to enlarge upon the obligations of the parties as set forth in the written instrument relied upon by the complainant and set forth in his bill of complaint." Oral evidence was admissible to show the facts surrounding the execution of that instrument. It bore date November 1, 1930. It was, in fact, executed long after the course of dealing which it calls for had been entered upon, and in consequence of troubles which had arisen during the transactions. The allegations of the answers of the Ashmans were untrue in large part. The actual occurrences showed this agreement to be but a part in complicated, and not uninteresting, dealings which, however, need not be narrated here in detail. The master would have been in fault had he not taken the evidence and reported his findings with so much of it as he deemed necessary to make those findings clear.

There is nothing in the contention that the plaintiff should have joined an alleged coöwner in the land in question as a plaintiff. If we assume that any one else had an interest in the property originally, the agreement on which the defendants were acting was solely with the plaintiff, their arrangements were made with him alone. He could contract for himself. So far as appears he did so. There is nothing to indicate that at the time of the agreement about the rents and property any one other than the parties here had any interest or had rights affected by the decree.

The report shows clearly the existence of valuable consideration for the defendants' undertaking. As the agreement was under seal, we do not see the materiality of a contention with regard to consideration. The case is not for specific performance.

*Decree affirmed with costs.*